```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

SYED A. HUDA                              CIVIL ACTION

VERSUS                                    NO: 07-9090

LOCKHEED MARTIN                           SECTION: J(2)
```

### ORDER AND REASONS

Before the Court is Defendant Lockheed Martin's **Motion to Dismiss for Failure to State a Claim for Relief (Rec. Doc. 2)**. Lockheed Martin seeks to dismiss the claims of Plaintiff alleging: (1) retaliation, (2) discrimination as to promotions, and (3) harassment (or hostile environment), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  This motion, which is opposed, was set for hearing on January 9, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be granted in part and denied in part.

### Background Facts

Plaintiff was employed by Lockheed Martin ("Lockheed") until he was terminated on March 2, 2007 for violation of company policy.  Believing he was wrongfully terminated, Plaintiff filed a complaint with the Equal Employment Opportunity Commission

("EEOC"), dated March 5, 2007, alleging discrimination based on: (1) race, (2) national origin, and (3) religion.[1]  Lockheed responded to the EEOC claims made by Plaintiff, and Plaintiff then complied with the EEOC's request for "additional rebuttal information" by submitting an additional statement dated August 21, 2007.

Plaintiff then filed suit on November 21, 2007 under Title VII after receiving a right-to-sue letter on October 29, 2007. He alleges the same claims for discrimination based on: (1) race, (2) national origin, and (3) religion asserted before the EEOC, as well as claims alleging: (4) retaliation (retaliatory discharge), (5) discrimination as to promotions, and (6) harassment (or hostile environment).

## The Parties' Arguments

Lockheed claims that the exclusive focus of Plaintiff's EEOC charge is his March 2, 2007 termination.  Therefore, the thrust of Lockheed's argument proceeds out of section 704(a) of Title VII, i.e., Plaintiff's failure to exhaust his administrative remedies.  Since Plaintiff did not claim retaliation, non-promotion, or harassment as a basis of discrimination in his Charge of Discrimination filed with the EEOC,[2] he is precluded

---

[1] Plaintiff is an American citizen of the Asian race, Pakistani origin, and a Muslim.

[2] Lockheed attaches a copy of Plaintiff's EEOC charge in which Plaintiff states:

> I was discharged on March 2, 2007 . . . . The reason given for my discharge was violation of company policy

2

from asserting such claims before this Court as these claims are outside the Court's subject matter jurisdiction.  See Kebira v. Walmart, 193 Fed. Appx. 365 (5th Cir. 2006).  Therefore, according to Lockheed, Plaintiff's "new" claims should be dismissed.

In opposition, Plaintiff asserts that he submitted a document to the EEOC entitled "Additional rebuttal together with already submitted statements" as a result of the EEOC's request for such information following receipt of Lockheed's response to Plaintiff's charge.  Plaintiff argues that a reasonable EEOC investigation would have discovered Plaintiff's federal retaliation claim, non-promotion claim, and harassment claim. See Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006) ("[T]his court interprets what is properly embraced in review of a Title VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which "can reasonably be expected to grow out of the charge of discrimination.").

In reply, Lockheed asserts that Plaintiff's rebuttal letter was allegedly drafted four months after Plaintiff submitted his

---

> . . . . I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because of my race, Asian, my national origin, Pakistani, and my religion, Muslim.  Similarly situated employees who are not of my race, national origin, and religion did the same thing as I did but were not discharged.

See Lockheed's Exh. 1.

written, explanatory statement and over five months after he submitted his charge.  Lockheed argues that this delinquent response by Plaintiff should not be considered, because to do so would undermine the exhaustion requirement, which affords the employer the ability to respond to all timely allegations in order to attempt to resolve matters pre-suit.  See Pacheco, 448 F.3d 466-67.  According to Lockheed, given the fact that Plaintiff's charge only relates to his allegedly improper termination, his tardy submissions should not serve to expand his charge of discrimination via termination.

## Discussion

**A.  Legal Standard**

   **1.  Lack of Subject Matter Jurisdiction**

A motion to dismiss for lack of subject-matter jurisdiction must be granted if the court lacks statutory authority to hear and decide the dispute.  Fed. R. Civ. P. 12(b)(1).  The burden of establishing subject-matter jurisdiction falls squarely upon the plaintiff.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), a court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Robinson v. TCI/US West Commc'ns, 117 F.3d 900, 904 (5th Cir. 1997).  Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations.  Williamson v. Tucker,

645 F.2d 404, 412-13 (5th Cir. 1981).

**2. Failure to State a Claim**

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

**B. Analysis**

An employment discrimination claim filed with the EEOC with a subsequent complaint filed in federal district court is properly before the court if administrative remedies have been exhausted. <u>Pacheco</u>, 488 F.3d at 788. Lockheed does not dispute that Plaintiff presented his discrimination claims on the basis of race, religion, and national origin to the EEOC. Therefore, the only issue before this Court is whether Plaintiff exhausted his administrative remedies with respect to his retaliation, non-promotion, and harassment claims.

As stated in <u>Pacheco</u>, the scope of an EEOC complaint is to be construed liberally. 448 F.3d at 788. Balanced against this standard is the fact that Title VII contemplates that no issue

will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance. Id. at 789.  Therefore, a court is to interpret what is properly embraced in review of a Title VII claim "somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'"  Id.  A court must engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label.  Id.

Therefore, it is necessary to determine whether an EEOC investigation would reasonably have been expected to reach the claims not originally stated in Plaintiff's Charge of Discrimination.  In other words, would an investigation of the original charges based on race, national origin, and religion have led to further investigation of retaliation, failure to promote, and harassment?

Put yet another way, each of Plaintiff's "new" claims must bear some relation to the claims set forth in Plaintiff's EEOC charge.  Grace v. Bank of America, No. 03-1294, 2003 WL 23095993 (N.D. Tex. Dec. 23, 2003) (finding that "a complaint filed pursuant to Title VII may encompass any kind of discrimination "like or related to" allegations contained in the EEOC charge . . . . . If an asserted claim is not "like or related to" an allegation contained in the EEOC charge, the court lacks subject

6

matter jurisdiction over that claim.").

In the instant case, considering each new claim individually, some are related to Plaintiff's original claims of race, national-origin, and religious discrimination. Specifically, as to Plaintiff's claim alleging harassment/hostile work environment, this claim does bear a relation to Plaintiff's charges asserting discrimination based on race, national origin, and religion due to the fact that Plaintiff originally stated in his Charge of Discrimination that his race, religion, and national origin were bases for his discriminatory termination. Therefore, there is no need to turn to Plaintiff's additional rebuttal evidence to determine whether a reasonable EEOC investigation would have reached this claim. As a result, this Court possesses subject matter over the harassment/hostile work environment claim.[3]

As to Plaintiff's non-promotion and retaliation claims, it is not as clear from Plaintiff's EEOC charge whether a reasonable EEOC investigation would have reached these claims. Therefore, this Court looks to the additional rebuttal evidence submitted by Plaintiff to the EEOC.[4]

---

[3] Note though that Lockheed's motion does not seek, nor should this Court's finding be construed as a determination that Plaintiff would survive a motion for summary judgment on his harassment/hostile work environment claim.

[4] Lockheed states that it cannot be certain whether the EEOC received this additional rebuttal evidence because Lockheed has yet to receive a return on its Freedom of Information Act ("FOIA") request to the EEOC. However, Plaintiff has provided this evidence to the Court risking sanctions if it was provided

Regarding the non-promotion claim, in his rebuttal letter, Plaintiff states that he had "several documented meetings" with Lockheed executives regarding discrimination in the workplace "related to promotion, [and] job assignment."  See Plaintiff's Exh. 1 to Plaintiff's opposition to Lockheed's motion to dismiss.  Plaintiff also states that he "was denied inspection supervisor position twice in spite of the fact that was [sic] most qualified candidate."  Plaintiff further states that he "received no promotion since Oct [sic] 2001, and was moved around to accommodate other employees."  Based on these representations, this Court finds that a reasonable EEOC investigation would have reached this claim.  Therefore, this Court does possess subject matter jurisdiction over Plaintiff's non-promotion claim.[5]

Finally, as to the retaliatory discharge claim, Plaintiff alleges in his complaint that he was terminated in retaliation for making complaints about alleged racial slurs and for complaining about the failure to promote him.  However, Plaintiff never asserted a retaliation claim in his EEOC charge as he

---

in error, and as a result, this Court will consider it. Furthermore, Plaintiff's rebuttal letter was dated August 21, 2007.  Plaintiff received a right to sue letter from the EEOC on October 29, 2007.  Thus, the EEOC had nearly two months to consider the rebuttal evidence.  Therefore, this Court will consider the rebuttal evidence despite Lockheed's claim that it is "delinquent."

[5]  Note though that Lockheed's motion does not seek, nor should this Court's finding be construed as a determination that Plaintiff would survive a motion for summary judgment on his non-promotion claim.

failed to select "retaliation" on the Charge of Discrimination form as one of the grounds for his complaint.  Furthermore, nowhere in Plaintiff's rebuttal letter does he allege any grounds for retaliatory discharge.  The only thing mentioned about the discharge itself is that Plaintiff worked in the Metrology Department until his termination in March 2007.  See Phongsavane v. Potter, No. 05-219, 2006 WL 2706786 (W.D. Tex. Sept. 18, 2006) (dismissing plaintiff's retaliation claim based on alleged retaliatory acts occurring before plaintiff signed a formal EEO Complaint for failure to exhaust administrative remedies based on the fact that plaintiff failed to address in the EEO Complaint those alleged retaliatory acts occurring before the formal charge of discrimination was made).  Therefore, this Court finds that a reasonable EEOC investigation would not have reached this claim.  As a result, this Court lacks subject matter jurisdiction over Plaintiff's retaliation claim.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss for Failure to State a Claim for Relief (Rec. Doc. 2)** is hereby **GRANTED** as to Plaintiff's retaliation claim; Plaintiff's retaliation claim is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Dismiss for Failure to State a Claim for Relief (Rec. Doc. 2)** is hereby **DENIED** as to Plaintiff's harassment and non-promotion claims.

New Orleans, Louisiana, this 22nd day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE