```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SYED A. HUDA                                CIVIL ACTION

VERSUS                                      NO: 07-9090

LOCKHEED MARTIN                             SECTION: J(2)
```

### ORDER AND REASONS

Before the Court is Plaintiff's **Motion for: (1) Reconsideration of Order Granting Motion to Dismiss Retaliation Claim; (2) New Trial and Relief from Order Granting Motion to Dismiss Retaliation Claim and (3) Reservation of Right to Move to File for Leave to Amend (Rec. Doc. 16)**. This motion, which is opposed, is set for hearing on February 20, 2008 with oral argument. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be denied.

### Background Facts

Plaintiff was employed by Lockheed Martin ("Lockheed") until he was terminated on March 2, 2007 for violation of company policy. Believing he was wrongfully terminated, Plaintiff filed a complaint with the Equal Employment Opportunity Commission

("EEOC"), dated March 5, 2007, alleging discrimination based on: (1) race, (2) national origin, and (3) religion.[1]  Lockheed responded to the EEOC claims made by Plaintiff, and Plaintiff then complied with the EEOC's request for "additional rebuttal information" by submitting an additional statement dated August 21, 2007.

Plaintiff then filed suit on November 21, 2007 under Title VII after receiving a right-to-sue letter on October 29, 2007. He alleges the same claims for discrimination based on: (1) race, (2) national origin, and (3) religion asserted before the EEOC, as well as claims alleging: (4) retaliation (retaliatory discharge), (5) discrimination as to promotions, and (6) harassment (or hostile environment).

In its Order and Reasons entered January 22, 2008, this Court granted in part Lockheed's Motion to Dismiss for Failure to State a Claim (Rec. Doc. 2), dismissing Plaintiff's retaliation claim based on lack of subject matter jurisdiction.  This Court's ruling was based on the determination that a reasonable EEOC investigation would not have reached this claim.[2]  Plaintiff

---

[1]  Plaintiff is an American citizen of the Asian race, Pakistani origin, and a Muslim.

[2]  This Court found that Plaintiff's supplemental letter to the EEOC entitled "Additional rebuttal together with already submitted statements" would not have triggered an investigation into a retaliatory motive for his discharge.  Nowhere in Plaintiff's rebuttal letter did he allege any grounds for retaliatory discharge.  See Rec. Doc. 12.

seeks reconsideration on this point under Rules 59(a)(2) and 60(b)(1) and (6) of the Federal Rules of Civil Procedure. Barring this, he also seeks leave to amend under Rule 15.

## Applicable Law

No specific procedural vehicle for a motion for reconsideration exists within the Federal Rules.  Instead, such motions are considered under Rule 59 (when filed within ten days, which Plaintiff has done) or Rule 60.

A district court has considerable discretion to grant or deny a motion for reconsideration under Rule 59.  Kelly v. Bayou Fleet, Inc., No. 06-6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007).  A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  Id. The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts."  Id. citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).

To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence."  Kelly, 2007 WL 3275200. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued.  Moreover, they cannot be used to argue a case under a new legal theory." Simon v. United States of America, 891 F.2d 1154, 1159 (5th Cir.

1990)(internal quotations omitted).

Additionally, Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

## **Discussion**

Plaintiff re-urges that notice to the EEOC of his complaints of discrimination is sufficient to exhaust retaliation. Plaintiff argues that in his supplemental letter to the EEOC, he stated that he complained several times about his supervisor's harassment, which resulted in his supervisor's demotion.[3] According to Plaintiff, a reasonable EEOC investigation would have reached the retaliation claim based solely on such complaints by Plaintiff about his supervisor.[4] In other words, a

---

[3] Plaintiff's supervisor was subsequently returned to his original position.

[4] However, there is no evidence that the supervisor was the one who retaliated against Plaintiff by terminating his employment. While Plaintiff has alleged that his supervisor

4

reasonable EEOC investigation would have made the connection between these complaints, the supervisor's demotion and return, the supervisor's write-ups of Plaintiff, and Plaintiff's termination.

In the alternative, Plaintiff requests that if his motion for reconsideration is denied, that the Court accept new evidence in the form of Plaintiff's declaration regarding his concerns about the brevity of the statement written on his EEOC charge. According to Plaintiff, the EEOC charge was filled out by the investigator, not by Plaintiff, and in response to Plaintiff's concerns, the investigator told him that "it is just a standard form and we do not need to write the whole story in this form."

Finally, Plaintiff requests the right to amend his complaint with particularity to show subject matter jurisdiction based on the facts of his original and supplemental letters to the EEOC.

In opposition, Lockheed argues that Plaintiff has failed to satisfy the requirements of Rules 59 and/or 60.  According to Lockheed, Plaintiff has failed to either offer newly-available evidence or to demonstrate a manifest error of law or fact.  And to the extend that Plaintiff offers any new arguments, the Court may "properly decline to consider new arguments or new evidence

---

harassed him, there is no basis by which to assert that this same supervisor terminated him.  As such has not been asserted, there would be no basis upon which to alert the EEOC of the alleged retaliatory discharge.

5

on reconsideration when those arguments were available to the movant prior to the order." Leroy v. Loyola University, No. 07-9251, 2008 WL 269076, at *1 (E.D. La. Jan. 29, 2008).

This Court determines that Plaintiff has failed to satisfy the requirements under Rule 59.  Plaintiff's arguments to this Court merely serve to rehash the same arguments already posed. Furthermore, any attempt by Plaintiff to introduce evidence of Plaintiff's declaration regarding the EEOC investigator's completion of the EEOC charge is not "newly discovered" evidence[5] as such a declaration could have been made by Plaintiff at the outset.

Additionally, this Court declines Plaintiff's request to amend his complaint to add this information, as such an attempt fails to eliminate the jurisdictional defects associated with Plaintiff's retaliation claim.  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for: (1) Reconsideration of Order Granting Motion to Dismiss Retaliation Claim; (2) New Trial and Relief from Order Granting Motion to Dismiss Retaliation Claim and (3) Reservation of Right to Move to File for Leave to Amend (Rec. Doc. 16)** is hereby **DENIED**.

---

[5] To be considered new evidence, the movant must show that the evidence was discovered following trial, and could not have been discovered with reasonable diligence on the part of the movant. Johnson v. Waste Materials v. Marshall, 611 F.2d 593, 597 (5th Cir. 1980).

6

**IT IS FURTHER ORDERED** that oral argument on **Motion for: (1) Reconsideration of Order Granting Motion to Dismiss Retaliation Claim; (2) New Trial and Relief from Order Granting Motion to Dismiss Retaliation Claim and (3) Reservation of Right to Move to File for Leave to Amend (Rec. Doc. 16)** set for Wednesday, February 20, 2008 at 9:30 a.m. is hereby **CANCELLED.**

New Orleans, Louisiana, this 15th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE